IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANDREA MEDRANO** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:21-cv-16 |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant*. | § | |

## DEFENDANT FIESTA MART, L.L.C.'S NOTICE OF REMOVAL

Defendant Fiesta Mart, L.L.C. ("Fiesta") hereby removes this action from the 151st Judicial District Court of Harris County, Texas, to this Court, pursuant to and in accordance with 28 U.S.C. §§ 1332 1441, and 1446. As grounds for removal, Fiesta states as follows:

## I.
### FACTS

1. On December 3, 2020, Plaintiff Andrea Medrano ("Plaintiff") filed a lawsuit in the Harris County 151st Judicial District Court (Cause No. 2020-77588) against Fiesta ("Lawsuit").[1] Plaintiff seeks to recover damages arising from an alleged personal injury incident that occurred on December 30, 2018, at Fiesta's store located at 8230 West FM 1960, Houston, Texas. Specifically, in her Petition, Plaintiff asserts claims for negligence, gross negligence, and premises liability. She seeks monetary relief over $200,000 but not more than $1,000,000.

2. Plaintiff served Fiesta with the Lawsuit on December 4, 2020.[2]

3. Fiesta timely answered in state court on December 28, 2020.[3]

---

[1] Exhibit 3: Plaintiff's Original Petition [hereinafter "Pet."].

[2] Exhibit 4: Executed Citation for Fiesta Mart, LLC.

[3] Exhibit 5: Defendant Fiesta Mart, LLC's Original Answer.

## II.
### TIMELINESS OF REMOVAL

4.Generally, a defendant is required to file a notice of removal of a civil action within thirty (30) days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). Plaintiff served Fiesta on December 4, 2020. Thus, the filing of this notice of removal is timely.

## III.
### VENUE

5.Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
### DIVERSITY JURISDICTION

6.A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7.This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

**A. This action is between citizens of different states.**

8.Diversity exists when the amount in controversy is $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1).

### *1. Plaintiff's Citizenship*

9. The Petition alleges that Plaintiff is a resident of Texas.[4] Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time she filed and served her Petition and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal. *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

### *2. Defendant Fiesta's Citizenship*

10. Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

11. Fiesta Mart, L.L.C., the Defendant, is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Fiesta Mart, L.L.C. is Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in State of California.[5] The corporate structure of Fiesta has not changed since the time the affidavit included as Exhibit 9 was executed. Because Fiesta takes the citizenship of its sole member, Fiesta is a citizen of Delaware and California and of no other state. *See Harvey*, 542 F.3d at 1080.

12. Accordingly, complete diversity exists as the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).

### B. The amount in controversy exceeds $75,000.

13. To show that all the requisites for federal jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a);

---

[4] Exhibit 3: Pet. at p. 1.

[5] Exhibit 8: Affidavit of Michael Saltzstein.

*Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount in controversy is ordinarily established on the face of the complaint and the dollar-amount actually claimed. *See id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14. Here, the Petition states that Plaintiff seeks "monetary relief of over $200,00 but not more than $1,000,000, including damages of any kind, costs, expenses, pre-judgment interest, and attorney fees."[6] Accordingly, the amount in controversy that Plaintiff seeks from Fiesta exceeds $75,000, and, therefore, the amount in controversy requirement is satisfied. *See Lopez v. Wal-Mart Stores, Inc.*, No. CV-B-15-174, 2016 WL 1104884, at *3 n.2 (S.D. Tex. Jan. 15, 2016) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)) (finding that assertion of "monetary relief of over $200,00 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees" satisfies the amount in controversy requirement).

## V.
### NOTICE

15. Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta has filed or will contemporaneously file with the clerk of the state court a notice of the filing of this Notice of Removal.

## VI.
### EXHIBITS TO NOTICE OF REMOVAL

16. As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81 for the United States District Court for the Southern District of Texas, Fiesta has attached to this Notice of Removal the

---

[6] Exhibit 3: Pet., at p. 2.

following numbered exhibits:

    a. Exhibit 1: Index of documents being filed;

    b. Exhibit 2: The docket sheet for Cause No. 2020-77588: *Andrea Medrano v. Fiesta Mart, LLC*; in the 151st Judicial District Court, Harris County, Texas;

    c. Exhibit 3: Plaintiff's Original Petition, filed December 3, 2020;

    d. Exhibit 4: Executed Citation for Fiesta Mart, LLC;

    e. Exhibit 5: Defendant Fiesta Mart, LLC's Original Answer;

    f. Exhibit 6: List of Counsel of Record;

    g. Exhibit 7: Notice of Removal in State Court; and

    h. Exhibit 8: Affidavit of Michael Saltzstein.

## **CONCLUSION**

WHEREFORE, Defendant Fiesta Mart, L.L.C. respectfully removes this action, Cause No. 2020-77588, from the Harris County 151st Judicial District Court, to the United States District Court for the Southern District of Texas.

                                                Respectfully submitted,

                                                By: */s/ David Toney*
David Toney
State Bar No. 00797561
Matthew Storey
State Bar No. 24060669
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Telecopier: (713) 652-5152
David.Toney@arlaw.com
Matt.Storey@arlaw.com

***ATTORNEYS FOR DEFENDANT***
***FIESTA MART, LLC***

## **CERTIFICATE OF SERVICE**

 The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email on this 4th day of January 2021, to the following:

 Chelsea Murfree
 State Bar No. 24107873
 Adam Ramji
 Texas State Bar. 24045209
 9816 Katy Freeway
 Houston, Texas 77055
 Tel.: (713) 888-8888
 Fax. (866) 672-3372
 E-Service: service@ramjilaw.com
 ATTORNEY FOR PLAINTIFF,
 ANDREA MEDRANO

 */s/ David Toney*
 David Toney