Case 4:21-cv-00016 Document 30 Filed on 12/12/22 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREA MEDRANO, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:21-cv-16 |
| § | |
| FIESTA MART, LLC, § | |
| § | |
| *Defendant.* § | |
| § | |
| § | |
| § | |

## ORDER

Pending before the Court is Defendant Fiesta Mart, LLC's ("Fiesta Mart" or "Defendant") Motion for Summary Judgment (Doc. No. 17). Plaintiff Andrea Medrano ("Medrano" or "Plaintiff") responded in opposition (Doc. No. 23) and Defendants replied (Doc. No. 25). Having considered the Motion and the applicable law, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment.

### I. Background

This case centers on a premises liability slip and fall claim that took place at a Fiesta Mart grocery store. Plaintiff initially filed this lawsuit in the 151st Judicial District Court of Harris County alleging claims for negligence, gross negligence, and premises liability. (Doc. No. 1). The facts pled in Plaintiff's Original Petition in state court are scant at best. In that petition, Plaintiff alleges that she was injured when she "slipped and fell on a leaf, believed to be cilantro," while visiting the store. (Doc. No. 1-3 at 2). Defendant then removed this case to this Court. (*Id.*).

Defendant filed this Motion for Summary Judgment, arguing that Plaintiff has failed to demonstrate the elements of a premises liability cause of action. (Doc. No. 17 at 4). Plaintiff responded in opposition (Doc. No. 23) and Defendant replied (Doc. No. 25).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

Defendant moves on the basis that Plaintiff does not have any summary judgment evidence to raise an issue of material fact as to actual or constructive knowledge of the allegedly dangerous condition. (Doc. No. 17). Specifically, Defendant cites the Court to Plaintiff's deposition testimony, where she testified she slipped on a "leaf" or some form of plant matter similar to cilantro. (Medrano Depo, Doc. No. 18 at 20:19-25). The "leaf" was about the size of a nickel or quarter and it was located in the milk and frozen foods section of the Fiesta Mart. (*Id.* at 21:1-6). Despite the fact that she was present in the area where she slipped for some time before the accident, Plaintiff testifies in her deposition that she did not see the substance before she slipped on it. (*Id.* at 10:24-25, 11:1-11, 25:1-24). Plaintiff also testified during her deposition that she did not have any knowledge that a Fiesta Mart employee knew of the existence or location of the substance before she fell. (*Id.* at 25:25, 26:1-8). Furthermore, while there was an employee in the general area, Plaintiff conceded that the employee did not see Plaintiff fall—he only observed her or heard her after the fall took place. (*Id.* at 15:13-20). Plaintiff also testified that she had no knowledge that any of Defendant's employees or personnel knew of the substance on the floor before she fell. (*Id.* at 25:25, 26:1-8). Finally, Plaintiff noted in her testimony that there was a skid mark on the floor that indicated that the leaf or substance on the ground was what she had allegedly slipped on. (*Id.* at 21:4-25, 22:1-4). The relevant portion of her testimony concerning the skid mark is reproduced below:

> Q: And you can see just below [the organic vegetable manner] a --
> what looks like a skid mark?
> A: Correct.
> Q: Do you believe that's where your left -- was it your left foot that slipped on it?
> A: Yeah, the left.
> Q: Okay. So you believe that's where your left foot came down on that substance that caused you to slip forward and then caused you

3

> to fall down on your tailbone with your right leg tucked under your knee?
> A: Correct.

(*Id.* at 21:25, 22:1-4).

In response to Defendant's Motion, Plaintiff argues that Defendant misquotes her testimony. (Doc. No. 23). In her Response, she claims that she testified that she was "unaware of what the substance on the floor was, she did not know the size of the substance, but skid marks on the floor showed that it had been run over by store traffic" and an employee of Defendant was "in the immediate vicinity of the substance." (Doc. No. 23 at 3-4). To support this change of positions, Plaintiff cites to her own affidavit, which she attached to her Response. In this affidavit, counter to her deposition testimony, Plaintiff swears that the employee stocking the dairy section was "facing her at the time of the slip and could not have missed the substance on the floor" and that he "saw the leaf." (Medrano Declaration, Doc. No. 23-1 at 1-2).

To succeed on a premises liability claim, an invitee must prove four elements: (1) actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care proximately caused the plaintiff's injury. *Diez v. Alaska Structures, Inc.*, 455 S.W.3d 737, 742 (Tex. App.—El Paso 2015, pet. aff.).

The Court does not find that Plaintiff has met her burden in presenting sufficient evidence that Defendant had actual or constructive knowledge of a dangerous condition or that Defendant failed to exercise reasonable care to reduce or eliminate the alleged risk. Based on Plaintiff's own deposition testimony, she concedes that although there was a Fiesta Mart employee "in the immediate vicinity," he did not see her fall and only observed her or heard her after she slipped.

4

Plaintiff also conceded during her deposition that she did not have any idea of whether any Fiesta Mart employee or personnel knew of the substance on the floor before she slipped.

In Plaintiff's affidavit attached to her Response, she purports to offer "evidence" to the contrary. (Doc. No. 23-1). In this affidavit, she now swears that the employee was "facing her" when she slipped and that he "saw the leaf." Under the sham affidavit doctrine, a district court may refuse to consider statements made in an affidavit that are so markedly inconsistent with a prior statement as to constitute an obvious sham. *Winzer v. Kaufman County*, 916 F.3d 464, 472 (5th Cir. 2019). Here, Plaintiff's affidavit testimony contradicts her deposition testimony that she did not know how long the substance had been on the floor and that she did not know if Defendant had any knowledge of it being there before she fell. As such, this Courts find the affidavit to fall into the "sham" category and hereby strikes it. Nevertheless, even if this Court were inclined to consider Plaintiff's affidavit, her declaration still fails to raise an issue of material fact. Plaintiff's statement that the employee was "facing her" or that he "saw the leaf" does not indicate whether this took place prior to the accident or after. Moreover, it does not constitute any evidence to how long the so-called premises defect had been there. Texas courts have also consistently held that "the proximity of employees is by itself insufficient to raise a factual dispute as to whether the premises owner had constructive knowledge of the condition." *Medrano v. Home Depot Int'l, Inc.*, No. CV H-16-2570, 2017 WL 2619344 at *3 (S.D. Tex. June 17, 2017) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812. 816 n. 1 (Tex. 2002)). Therefore, even if the Court considers the new "testimony" in the affidavit, it still does not raise an issue of material fact as to actual or constructive knowledge of the condition.

Without Plaintiff's declaration, she only cites to her own deposition testimony, which, as discussed, fails to raise an issue of material fact on either a theory of actual or constructive

knowledge of a dangerous condition. Furthermore, absent evidence that Defendant knew or reasonably should have known of the allegedly unreasonably dangerous condition, Plaintiff also fails to raise an issue of material fact that Defendant failed to exercise reasonable care to reduce or eliminate the risk.

The Court is also dubious that a single leaf of cilantro or other organic, leaflike matter the size of a nickel (or even a quarter) constitutes a condition that poses an unreasonable risk of harm.[1] To pose an unreasonable risk of harm, a condition must create a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2014, pet. aff.). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 647 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Evidence of other falls attributable to the same condition or evidence of the defectiveness of the condition could be probative, but not conclusive on this element. *Dietz v. Hill Country* Restaurants, 398 S.W.3d 761, 766 (Tex. App.—San Antonio 2011, pet aff.). Plaintiff does not offer any evidence either in her deposition or declaration testimony that the "leaf" on the floor constituted an unreasonable risk of harm. (Doc. No. 23). Plaintiff argues in her Response that the skid mark she saw on the floor and testified to in her deposition may suggest the defectiveness of the condition because it "showed that it had been run over by store traffic." (Doc. No. 23 at 3-4). It is

---

[1] Texas courts have consistently held that "[t]iny surface defects in pavement are ubiquitous and naturally occurring." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022). Although this case refers to an accident resulting from a divot in the parking lot, the court also held that invitees should use caution and that "to expect otherwise would impose an incredibly costly burden on businesses, which would have to identify and remedy every small crumble" in surfaces they are responsible for. *Id.*

6

clear from her deposition testimony, however, that this was not what the skid mark represented to her at the time of the accident. (Medrano Depo, Doc. No. 18 at 21, 22:1-4). Rather, Plaintiff's testimony shows that the skid mark was indicative of the fact that she had slipped on the organic vegetable substance and not something else. (*Id.*). The Defendant did not move on this basis. Consequently, the Court does not rule as a matter of law that the leaf did not create an unreasonable risk of harm.

Based on Plaintiff's testimony and the lack of other evidence, Defendant contends that Plaintiff has failed to prove that Defendant had actual or constructive knowledge or notice of the existence of a dangerous condition. Defendant also argues that Plaintiff's testimony shows that there is no evidence that any tortious conduct by Defendant proximately caused the accident, or that the condition was unreasonably dangerous. Plaintiff has thus failed to bring forth sufficient summary judgment evidence to raise an issue of material fact on either a theory of liability, unreasonably dangerous condition, and causation; therefore Defendant's motion must be granted.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. The case is hereby dismissed with prejudice.

Signed at Houston, Texas, this 12 day of December, 2022.

Andrew S. Hanen
United States District Judge

7